IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAMI ANN BRADEN, )<br>#16700-081 )<br>        Petitioner, )<br>)<br>vs. )<br>)<br>WARDEN, FPC GREENVILLE, )<br>)<br>        Respondent. ) | Case No. 16-cv-0633-DRH |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated at the Federal Correctional Institution, located in Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the validity of her sentence via an ineffective assistance of trial counsel claim. The Petition was filed on June 13, 2016.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the Petition in the present case, the Court concludes that petitioner is not eligible for relief under § 2241, and the Petition must be dismissed.

## Background

Petitioner was convicted by jury on August 12, 2010, of a single count of Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and § 846. (*See* U.S. D. Ct., D. Wy., CM/ECF Case No. 1:09-cr-00354-ABJ-4, Doc. 379). On November 15, 2010, the Court sentenced the Petitioner to 151 months imprisonment and 60 months supervised release (*See id.* Doc. 438). The Petitioner appealed on November 23, 2010 (*See id.* Doc. 441). On March 13, 2012, Petitioner sought a writ of certiorari from the United States Supreme Court (*See id.* Doc. 492). The writ was denied on April 23, 2012 (*See id.* Doc. 493).

On June 17, 2013, the Petitioner sought leave to file a petition under 28 U.S.C. § 2255 (*See id.* Doc. 504). Her request was denied on June 26, 2013 (*See id.* Doc. 510). Despite being denied leave to do so, the Petitioner filed a § 2255 petition (*See id.* Doc. 511). After receiving briefs from both sides, the court dismissed her § 2255 petition as untimely, because her conviction and sentence became final on April 12, 2012, and she did not file a § 2255 petition until more than a year later, on June 23, 2013 (*See id.* Doc. 514). The court found that she failed to show that she qualified for equitable tolling (*Id.*).

On June 13, 2016, the Petitioner filed the present § 2241 Petition with this Court, seeking to challenge her sentence and conviction on the same grounds as those set forth in her previous § 2255 petition (Doc. 1, pp. 2-8).

## HABEAS

The present § 2241 Petition is before the Court for initial screening. The Petitioner is seeking a means through which to challenge her underlying conviction and sentence based upon allegations that her trial counsel was ineffective. (Doc. 1). The Petitioner does not make any direct argument in her § 2241 Petition as to why § 2255 relief was inadequate or unavailable. She also does not allege that there has been an intervening change in the law or a discovery of new evidence that led her to file the present Petition.

## DISCUSSION

At the outset, this Court must independently evaluate the substance of a petitioner's claim to determine if the correct statute - in this case 28 U.S.C. § 2241 - is being invoked. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

A federal prisoner may qualify for relief under § 2241 if she can establish that her initial bite at § 2255 relief was inadequate or ineffective to challenge the validity of her conviction or sentence. *See Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012). However, "a prisoner cannot be permitted to lever his way into section 2241 by *making* his section 2255 remedy inadequate...." *Morales v. Bezy,* 499 F.3d 668, 672 (7th Cir. 2007) (emphasis in original).

Here, the § 2241 Petition fails precisely because the Petitioner made her own access to § 2255 review impossible by failing to file a timely § 2255 petition. By her own actions, the Petitioner precluded substantive review of the ineffective assistance of counsel claims she attempted to raise in her initial § 2255, and now attempts to raise before this Court. The court reviewing her initial § 2255 petition acted appropriately in dismissing her petition as untimely pursuant to 28 U.S.C. § 2255(f). Thus, the Petitioner does not qualify for § 2241 relief before this Court.

Furthermore, the Petitioner has not shown that her present request meets the criteria for second or subsequent relief under § 2255. The Seventh Circuit held in *Hill* that there are three qualifications for using § 2241 after a failed § 2255 petition—(1) the change in law supporting the relief sought in the § 2241 petition must have been made retroactive by the Supreme Court; (2) the change must be of the type that it eludes permission for a second § 2255; and, (3) the 'change in law' is not merely a difference in law between the sentencing jurisdiction and the jurisdiction of confinement. 695 F.3d at 648. A change that evades § 2255 relief is one based upon a new rule of constitutional law or

newly discovered evidence that would amount to the petitioner's actual innocence. *See id.* Here, the Petitioner's claim does not meet any of the three criteria because it is not based on a change in the law, it could have potentially been raised in a timely § 2255 petition, and the Petitioner does not argue that she is actually innocent based upon the alleged ineffectiveness of her trial counsel. Thus, the Petitioner's request for relief does not fall within the scope of § 2241 and this Court must dismiss the petition.

## **Disposition**

To summarize, the Petitioner has not demonstrated that her request qualifies for § 2241 relief at this time because she has not satisfied the criteria for § 2241 or a second or a subsequent § 2255. The Petitioner has shown that her original § 2255 was barred because it was untimely, thus making her access to § 2255 relief unavailable by her own doing. Since that time, the Petitioner has not identified a change in the law or a newly discovered piece of evidence that supports her request for relief under § 2241. Accordingly, the Petitioner's § 2241 Petition is DISMISSED with prejudice.

If Petitioner wishes to appeal this dismissal, she may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If the Petitioner does choose to appeal and is allowed to proceed IFP, she will be required to pay a portion of the $505.00 appellate filing fee in order to pursue her appeal (the amount to be determined based on his prison trust fund

account records for the past six months) irrespective of the outcome of the appeal.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.  It is not necessary for petitioner to obtain a certificate of appealability.  *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 28th day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.28 19:45:01 -05'00'

**United States District Judge**